UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clifton Pierson,

    Plaintiff,                                                           Case No. 1:19cv843

    v.                                                                Judge Michael R. Barrett

Sheriff James Neil, *et al.*,

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's November 6, 2019 Report and Recommendations ("R&R") (Doc. 4) recommending that pursuant to 28 U.S.C §§1915(e)(2)(B) and 1915A(b)(1), Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiff filed timely objections. (Doc. 5).[1]

### I. STANDARD OF REVIEW

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable

---

[1] Plaintiff submitted more than one copy of his objections to the Clerk's Office. At Plaintiff's request, the copies were combined into one document and filed. (Doc. 5, PageID 25). Therefore, the document consists of six pages of Plaintiff's objections followed by multiple copies his objections.

precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

This is a *pro se* civil action in which Plaintiff was granted leave to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff is an inmate at the Hamilton County Justice Center ("HCJC"). Plaintiff brings due process claims pursuant to 42 U.S.C. § 1983 against Defendants Sheriff James Neil, Lt. Reed, and Social Worker Mrs. Price. Plaintiff claims that he has written numerous grievances to the HCJC staff which have not been answered. (Doc. 3, PageID 45). In addition, Plaintiff claims that there are no books in the legal library, the legal library has antique computers, and inmates are only permitted to access the library for twenty minutes each week. (Id.) Plaintiff also claims that it takes weeks to receive a medical treatment, inmates are placed on lockdown when other inmates fight, and inmates are not permitted to watch the news. (Id.) Plaintiff also claims certain treatment constitutes cruel and unusual punishment: it takes weeks to see a doctor, the food portions are small, the inmates do not receive respect, and the guards "cuss us out/or threaten us with assault or isolation." (Id. at PageID 46). Plaintiff states that the supervisors, such as Lt. Reed, "think that cussing us out and locking us down is the solution to any and all

problems." (Id.) Plaintiff also claims that the temperature is so low that the inmates have to wear a thermal top to be warm and there is no ventilation from the clogged air filters. (Id.) Finally, Plaintiff claims that inmates are charged $40 for each case that they lose. (Id.)

The Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge explained that Plaintiff does not include any factual allegations against Defendants Neil or Price; and therefore, the claims against these defendants should be dismissed. The Magistrate Judge explained that absent allegations that Defendant Sheriff Neil directly participated in the violation of Plaintiff's constitutional rights, the mere fact that Neil is the sheriff of Hamilton County is not enough to impose liability on him under § 1983. To the extent that Plaintiff intended to bring claims against Neil in his official capacity, the Magistrate Judge explained that his claim is treated as a claim against Hamilton County. However, the Magistrate Judge concluded that Plaintiff fails to state a claim for relief under § 1983 against Hamilton County because counties are not vicariously liable for the actions of their employees under § 1983; and Plaintiff's complaint fails to allege any facts showing that any action taken by the Hamilton County Sheriff stemmed from a particular policy, custom, or practice of Hamilton County that caused a violation of Plaintiff's civil rights. As to Plaintiff's allegations that Reed and other guards use profanity and threats against inmates, the Magistrate Judge concluded that these allegations fail to state a viable claim under § 1983. Finally, the Magistrate Judge

3

explained that Plaintiff's allegations that inmates are locked down after fights between other inmates, even if they had nothing to do with the fight, do not rise to the level of a constitutional violation.

### III. ANALYSIS

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits. *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29.

Complaints may also be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plausibility exists when the plaintiff pleads facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint should contain more than the "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

In his Objections, Plaintiff argues that his claim is not frivolous or malicious and explains that the action should not be dismissed, "simply because the plaintiff is an unlearned legal counsel with only the very barest access to legal material." (Doc. 5, PageID 58). Plaintiff maintains that *respondeat superior* has no application here because the supervisors and Sheriff Neil are aware of the constitutional violations. Plaintiff explains that the library is across the hall from the shift commander's office so that the supervisors would see that there are no books in the library. (Id., PageID 59). Plaintiff also states that he sent grievances personally to Sheriff Neil so he should be aware of the lack of a law library. (Id., PageID 60). In addition, Plaintiff states that it is Sheriff Neil's policy of locking inmates in their cells for "quiet time" between 1:45 to 3:30 p.m. (Id.) Plaintiff explains that this time coincides with "the best time to contact a lawyer (after court and lunch)." (Id.) Next, in support of his claim of a lack of adequate health care, Plaintiff explains that inmates typically have to wait two weeks to see the doctor; and he sought care for a urological problem several months ago, but nothing was done. (Id., PageID 61). Finally, Plaintiff explains that Ms. Price informed him that he could subscribe to several newspapers, but for security reasons, the inmates are not permitted to watch the local news, or subscribe to weekly magazines or newspapers. (Id., PageID 61-62).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012)). The claimed constitutional violation "must be based upon active unconstitutional behavior." *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) (citing

5

*Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002)). "The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act." *Id*. Therefore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)).

Even if Plaintiff could establish supervisory liability, Plaintiff has failed to state a claim based on his allegations of mandatory "quiet time" or inadequate library resources. As the Sixth Circuit has explained:

> Though prisoners do have a constitutional right to meaningful access to the courts, which is grounded in many sources, in order to adequately state a claim for a denial of access to courts, a prisoner must set forth actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In addition, *Lewis* requires that the prisoner demonstrate that the underlying claim allegedly prejudiced is not frivolous. *Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir.1999); *see also Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin–Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (6th Cir. 2004)).

*Clark v. Johnston*, 413 F. App'x 804, 816 (6th Cir. 2011). Here, Plaintiff has not alleged that he was prejudiced in any litigation as a result of the "quiet time" or the lack of access to law library materials. Therefore, Plaintiff has failed to state a claim on which relief may

6

be granted. *Accord Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."); *Schick v. Apker*, 2009 WL 2016933 at *10 (S.D.N.Y. Mar. 5, 2009) ("The Constitution simply does not guarantee Plaintiff unlimited communications with several attorneys, or the means of communication that Plaintiff might consider the most convenient or productive.").

With regard to Plaintiff's claim based on a lack of adequate health care, "[t]he Eighth Amendment's prohibition against 'cruel and unusual punishment' forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Lumbard v. Lillywhite*, 815 F. App'x 826, 831 (6th Cir. 2020) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004)). Plaintiff's allegations fail to establish that Defendants were deliberately indifferent to his medical needs. Plaintiff does not allege facts which would indicate that Plaintiff's urological condition constituted a serious medical need, or that the purported delay in scheduling an appointment for treatment resulted in sufficiently serious consequences. Therefore, Plaintiff fails to state a § 1983 claim based on deliberate indifference to his serious medical needs.

Finally, with regard to Plaintiff's lack of access to weekly magazines or newspapers, "[t]he First Amendment protects 'the right to receive information and ideas,' which, as applicable in the prison context, extends to the right to receive mail and to access reading material." *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 762, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972)). However, "... the problems that arise in the day-to-day operation of a corrections facility

are not susceptible of easy solutions. Prison officials therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Moreover, a prisoner's First Amendment right to receive published materials "does not create an affirmative duty on prisons to provide news publications [or television news broadcasts] to inmates." *Kesling v. Tewalt*, 476 F. Supp. 3d 1077, 1086 (D. Idaho 2020) (quoting *Collins v. Burl*, No. 2:11-CV-40-DPM-BD, 2011 WL 2457532, at *1 (E.D. Ark. June 17, 2011)). Similarly, prisoners do not have a constitutionally protected right to watch television. *Mitchell v. Caruso*, No. 1:05–CV–728, 2007 WL 603399, at *7 (W.D .Mich. Feb. 22, 2007) (collecting cases). Therefore, Plaintiff's claim that Defendants unconstitutionally deprived him of access to weekly publications and local television news is dismissed.

IV. **CONCLUSION**

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's November 6, 2019 R&R (Doc. 4) to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's November 6, 2019 R&R (Doc. 4) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 5) are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** with prejudice;

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith and therefore Plaintiff is **DENIED** leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977); and

3. This matter is **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                                    */s/ Michael R. Barrett*
                                                 Michael R. Barrett
                                                 United States District Court